355 U.S. 382
 78 S.Ct. 358
 2 L.Ed.2d 356
 EMRAY REALTY CORP., appellant,
v.
Robert C. WEAVER, as State Rent Administrator.
 No. 631.
 Supreme Court of the United States
 January 20, 1958
 
 Mr. Justice DOUGLAS, with whom The CHIEF JUSTICE, Mr. Justice BLACK and Mr. Justice BRENNAN concur, dissenting.
 For dissenting opinion of Mr. Justice DOUGLAS, see 355 U.S. 373, 78 S.Ct. 359.
 
 
 1
 The question in these cases is whether a person injured by a violation of § 3 of the Robinson-Patman Act, 49 Stat. 1526, 15 U.S.C. § 13a, 15 U.S.C.A. § 13a, may sue the wrongdoer for treble damages and an injunction under §§ 4 and 16 of the Clayton Act, 38 Stat. 730, 15 U.S.C. §§ 15, 26, 15 U.S.C.A. §§ 15, 26. A dictum in Bruce's Juices, Inc. v. American Can Co., 330 U.S. 743, 750, 67 S.Ct. 1015, 1018, 91 L.Ed. 1219, indicated that the action would lie, and Moore v. Mead's Fine Bread Co., 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145, sustained a recovery on that theory, though the point now at issue was neither briefed nor considered.
 
 
 2
 Section 4 of the Clayton Act allows suits for treble damages for acts forbidden by 'the antitrust laws.' Section 16 allows relief by injunction for violations of 'the antitrust laws.' The Court holds that § 3 of the Robinson-Patman Act is not a part of 'the antitrust laws' as used in the Clayton Act.
 
 
 3
 We disagree. The legislative history in our opinion shows that Congress intended to permit private actions to be brought for violations of § 3 of the Robinson-Patman Act.
 
 
 4
 It is true that § 1 of the Clayton Act defines 'antitrust laws' as including, inter alia, the Sherman Act, 15 U.S.C.A. §§ 1 7, 15 note, and the Clayton Act and that the Robinson-Patman Act did not in terms amend § 1. It is also true that § 3 of the Robinson-Patman Act does not in terms amend § 2 of the Clayton Act, while § 1 of the Robinson-Patman Act does. 80 Cong.Rec. 9414. The legislative history is further clouded by the fact that certain types of price discriminations are forbidden by both § 1[1] and § 3 of the Robinson-Patman Act. Suits for damages on account of these violations plainly are suits for damages under the 'antitrust laws' within the meaning of the enforcement provisions of the Clayton Act. It is only when a violation of § 3 alone is involved that the issue we are concerned with here arises. Yet why allow suits for treble damages for price discrimination under § 2 and not allow them when the discrimination practiced is of the kind condemned by § 3? There is no suggestion that any such line was being drawn by the Congress. The emphasis on the restrictive effect of § 3 relates simply to its criminal sanctions, not to the remedial provisions with which we are presently concerned. When the Conference Report was being considered in the House, Representative Miller, a House Conferee supporting the bill, made the following statements (80 Cong.Rec. 9421):
 
 
 5
 'The penalty of triple damages is the old law. In other words, we made no change in that particular provision of the Clayton Act. Section 3, which the gentleman from New York talks about, is the Borah-Van Nuys amendment, and that is the criminal section of this bill. The first part of the bill has nothing to do with criminal offenses. It deals primarily, in my opinion, with the authority of the Federal Trade Commission to regulate and enforce the provisions of section 2 of the Clayton Act, as amended. Section 3 in the bill is placed in an effort to make the criminal offense apply only to that particular section, and I believe that is a reasonable construction, if you will look at the bill.
 
 
 6
 'Mr. Massingale. There is no criminal offense involved for anything outside of what is contained in that section?
 
 
 7
 'Mr. Miller. In section 3.
 
 
 8
 'Mr. Hancock of New York. Is it not perfectly clear that any vendor who discriminates in price between purchasers is guilty of a crime and is also subject to triple damages to anyone who claims to be aggrieved?
 
 
 9
 'Mr. Miller. That is true, but the criminal part is included in section 3 and section 3 only.
 
 
 10
 'Mr. Hancock of New York. But it is a part of the same act?
 
 
 11
 'Mr. Miller. Of course it is, but it is not a part of the Clayton Act as amended by section 2. It ought to be, as far as that is concerned, if a seller willfully discriminates.'
 
 
 12
 Yet § 3 as well as § 2 declares certain price discriminations unlawful; and suits for treble damages are as applicable to § 3 situations as to those under § 2, if words are to have their normal meaning.
 
 
 13
 During the discussion of the Conference Report in the Senate, Senator Vandenberg stated:
 
 
 14
 'Mr. President, I should like to ask the Senator from Indiana one or two questions about the conference report.
 
 
 15
 'The fact has been called to my attention that section 3 of the bill, as agreed upon in conference, makes certain discriminations punishable by fine and also subject to treble damages, while similar discriminations under section 2(b) would be subject to rebuttal by showing, for instance, that a reduced price was made in good faith to meet an equally low price of a competitor. In other words, it is asserted to me that the defense allowed under section 2(b) is not permitted under section 3, although the act or the offense would be the same.' 80 Cong.Rec. 9903.
 
 
 16
 In reply, Senator Van Nuys, one of the Senate Conferees, did not contest the statement about civil and criminal penalties, but instead addressed his remarks to the contention concerning the defense:
 
 
 17
 'I think the Senator is mistaken there. The proviso to which he refers is simply a rule of evidence rather than a part of the substantive law. If a prima-facie case is made against an alleged unfair practice, the respondent may rebut the prima facie (sic) case by showing that his lower prices were made in good faith to meet the prices of a competitor. That is a rule of evidence rather than substantive law.' Ibid.
 
 
 18
 While those who favored the bill assumed that § 3 allowed treble damages, those opposed railed against it on that ground. Section 3 derived from an amendment offered by Senators Borah and Van Nuys and it was to it that the fire was directed. 80 Cong.Rec. 9420.
 
 
 19
 'Mr. Hancock of New York. If a vendor is found guilty of discrimination as provided in this bill, is he subject to the aggrieved party for damages or has he committed a crime and subjected himself to penalty?
 
 
 20
 'Mr. Celler. If he violates the Borah-Van Nuys provision or the other provision of the bill he is subject to penalties of a criminal nature and has committed an offense.
 
 
 21
 'Mr. Hancock of New York. Would he also be liable for triple damages?
 
 
 22
 'Mr. Celler. And he would also have to respond in triple damages under the provisions of the Clayton Act. Anyone aggrieved can sue.'
 
 
 23
 The treble-damage provision of the Clayton Act was written into the law so as to provide incentives for private as well as governmental patrol of the antitrust field. Not a word in the legislative history of the Robinson-Patman Act suggests that this special remedy was to be denied to § 3 actions and granted to those under § 2. The fair intendment seems to have been that § 3 was to be added to the body of 'antitrust laws.' The mechanical device used was an amendment to one section of the Clayton Act.[2]
 
 
 24
 In resolving all ambiguities against the grant of vitality to § 3, we forget that the treble-damage technique for law enforcement was designed as an effective, if not the most effective, method of deterring violators of the Act.
 
 
 25
 The House Committee on the Judiciary is entrusted by Congress with the preparation and publication of the Code. 1 U.S.C. § 202, 1 U.S.C.A. § 202. That Committee construed § 3 of the Robinson-Patman Act as part of the antitrust laws, for it gave the section number 13a in the Code and provided in § 12 that the term 'antitrust laws' 'includes sections 1—27 of this title.' That codification establishes 'prima facie the laws of the United States,' 1 U.S.C. § 204(a), 1 U.S.C.A. § 204(a), and the countermanding considerations relied on by the Court do not seem sufficiently persuasive to us to rebut that construction. It indeed accords with what we deem to be the prevailing sentiment in Congress at the time that § 3 became as much a part of the 'antitrust laws' as the other provisions of the Robinson-Patman Act.
 
 
 26
 As the Court notes, it appears that the Department of Justice has never enforced the criminal provisions of § 3 of the Robinson-Patman Act. Because of the Court's holding that § 3 is not available in civil actions to private parties, the statute has in effect been repealed. It is apparent that the opponents of the Robinson-Patman Act have eventually managed to achieve in this Court what they could not do in Congress. We would reverse in No. 67 and affirm in No. 69.
 
 
 
 [1]
 Section 1 of the Robinson-Patman Act amended and re-enacted § 2 of the Clayton Act.
 
 
 [2]
 In determining the legislative intent, reliance can hardly be placed on statements of Representative Patman, made in 1950, some 14 years after the passage of the Robinson-Patman Act, that § 3 of the Act did not amend the Clayton Act. Hearings on H.R. 7905, 81st Cong., 2d Sess., Serial No. 14, Part 5, p. 48.